Louis A. Santiago
OSB # 783610
E-mail: serve.las@hklaw.com
Garrett S. Garfield
OSB # 093634
E-mail: serve.gsg@hklaw.com
**HOLLAND & KNIGHT LLP**
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR  97204
Telephone:  503.243.2300
Fax:  503.241.8014
Attorneys for Defendant
TREES, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SARAH LEE,<br><br>          Plaintiff,<br><br>    v.<br><br>TREES, INC., a Delaware corporation; and PAUL SIMS, an individual,<br><br>          Defendants. | Case No. 3:15-cv-00165-AC<br><br>Defendant Trees, Inc.'s<br><br>MOTION FOR TERMINATING SANCTION<br><br>Pursuant To The Court's Inherent Authority and FRCP 37(c)<br><br>Request For Oral Argument |

## LR 7-1(a) CERTIFICATION

Defendant Trees, Inc. hereby certifies pursuant to LR 7-1(a) that it has conferred in good

faith with an attorney for Plaintiff Sarah Lee to resolve all issues raised by this motion, but the

parties have been unable to reach agreement with respect to the issues at hand.

Page 1 -    DEFENDANT TREES, INC.'S MOTION FOR TERMINATING
SANCTION: CASE NO. 3:15-CV-00165-AC

**HOLLAND & KNIGHT LLP**
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR  97204
Telephone:  503.243.2300

#50527945_v1

**TABLE OF CONTENTS**

**Page(s)**

LR 7-1(a) CERTIFICATION ....................................................................................1

MOTION.................................................................................................................2

MEMORANDUM OF POINTS AND AUTHORITIES ........................................3

I.      INTRODUCTION ......................................................................................3

II.     BACKGROUND ........................................................................................3

        A.      Procedural History ........................................................................3

        B.      Fraudulent Conduct By Ms. Lee ...................................................9

        C.      Records Falsified ........................................................................11

                1.      BOLI 000283 ....................................................................12

                2.      "LEE" 000302–000305 / BOLI 000292–000295 ....................13

                3.      "LEE" 000306–000307 / BOLI 000296–000297 ....................15

                4.      "LEE" 000308 / BOLI 000298 ............................................17

                5.      "LEE" 000309 / BOLI 000299 ............................................18

                6.      "LEE" 000313 / BOLI 000303 ............................................19

                7.      "LEE" 000315 / BOLI 000305 ............................................20

III.    TERMINATING SANCTIONS ARE WARRANTED...................................21

        A.      The Public Interest In Expeditious Resolution of Litigation Favors Dismissal.....23

        B.      Management of This Court's Docket Favors Dismissal. ...................23

        C.      The Risk of Prejudice to Trees Warrants Dismissal ............................23

        D.      Public Policy Warrants Dismissal.................................................24

        E.      Dismissal is Warranted Because Lesser Sanctions are Inadequate ......24

IV.     THE FALSIFIED RECORDS ARE EVIDENCE OF BAD FAITH ................25

V.      CONCLUSION......................................................................................26

Page i -    DEFENDANT TREES, INC.'S MOTION TO DISMISS: CASE NO.
           3:15-CV-00165-AC

**HOLLAND & KNIGHT LLP**
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

#50527945_v1

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Anheuser-Busch, Inc. v. Natural Beverage Distribs.*
  69 F.3d 337 (9th Cir. 1993) ..................................................................21, 22, 24

*Chambers v. NASCO, Inc.*
  501 U.S. 32 (1991)..........................................................................................21

*Combs v. Rockwell Int'l Corp.*
  927 F.2d 486 (9th Cir. 1991) ...........................................................................22

*Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*
  482 F.3d 1091 (9th Cir. 2007) ....................................................................22, 24

*Emma C. v. Eastin*
  2001 WL 1180638 (N.D. Cal. Oct. 4, 2001).....................................................22

*G-K Properties v. Redevelopment Agency Etc.*
  577 F.2d 645 (9th Cir. 1978) ...........................................................................21

*Leon v. IDX Sys. Corp.*
  464 F.3d 951 (9th Cir. 2006) ......................................................................21, 25

*Martin v. Automobili Lamborghini Exclusive, Inc.*
  307 F.3d 1332 (11th Cir. 2002) ........................................................................25

*TeleVideo Sys., Inc. v. Heidenthal*
  826 F.2d 915 (9th Cir. 1987) ...........................................................................22

*United States ex rel. Berglund*
   835 F.Supp.2d at 1054 ................................................................................24, 25

*Venture Corp. Ltd. v. Barrett*
  No. 5:13-cv-03384-PSG, 2014 WL 5305575 (N.D. Cal. Oct. 16, 2014) ...................10

*Wyle v. R.J. Reynolds Industs., Inc.*
  709 F.2d 585 (9th Cir. 1983) ......................................................................22, 25

**Federal Statutes**

Civil Rights Act Title VII ...........................................................................3, 4, 8

Page ii -   DEFENDANT TREES, INC.'S MOTION TO DISMISS: CASE NO.
            3:15-CV-00165-AC

**HOLLAND & KNIGHT LLP**
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR  97204
Telephone:  503.243.2300

#50527945_v1

**Other State Statutes**

ORS 192.501(8) .................................................................................................................9

ORS 659A.030(1)(b) ......................................................................................................3, 8

**Other Authorities**

Fed. R.Civ.P. 34 ..............................................................................................................10

Fed. R.Civ.P. 37(b) ..........................................................................................................21

Federal Rule of Evidence 403 ..........................................................................................11

FRCP 37(b)(2)(A)(v) ..........................................................................................................2

FRCP 37(c)(1) ....................................................................................................................2

FRCP 37(c)(1)(C) ...............................................................................................................2

Rule 26(a) ...........................................................................................................................2

**HOLLAND & KNIGHT LLP**
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR  97204
Telephone:  503.243.2300

**MOTION**

Pursuant to the Court's inherent authority to impose a terminating sanction (i.e., dismissing Plaintiff Sarah Lee's Complaint, with prejudice), and for the reason that Plaintiff Sarah Lee has fabricated text messages submitted as her principal corroborating evidence against the Defendants, Defendant Trees, Inc. ("Trees") hereby respectfully moves this Court to dismiss Plaintiff Sarah Lee's complaint (the "USDC Complaint") with prejudice.[1]

Trees's motion for a terminating sanction is also based on FRCP 37(c)(1). Trees acknowledges that FRCP 37(c)(1) is labeled "Failure to Disclose or Supplement" and allows the imposition of sanction if "a party fails to provide information … as required by Rule 26(a)." However, Trees contends that the disclosure of fabricated information in compliance with the initial disclosure requirements of FRCP 26(a) is akin to the failure to provide information as required by Rule 26(a). Therefore, the Court may impose terminating sanctions for such conduct as allowed under FRCP 37(c)(1)(C) and FRCP 37(b)(2)(A)(v) (namely, the Court may dismiss "the action or proceeding in whole or in part"). As the relief requested is available under the Court's inherent authority, this memorandum will not brief the availability of terminating sanctions under FRCP 37(c)(1). However, if the Court desires such briefing Trees requests leave of the Court to supplement its Motion and Memorandum.

In the alternative, Trees moves this Court for an Order granting issue, evidentiary, and instructional sanctions against Plaintiff Sarah Lee, including by (i) deeming it conclusively established that she fabricated evidence, (ii) instructing the jury that she willfully submitted fabricated documents and falsified the record and advising the jury that it may consider these facts in

---

[1] This Motion is supported by the following declarations filed herewith: Declarations of Paul Sims ("Sims Decl."), Louis Santiago, ("Santiago Decl."), Joel Brillhart ("Brillhart Decl."), Courtney Angeli, ("Angeli Decl.") and Maureen Klayman ("Klayman Decl.")

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR  97204
Telephone:  503.243.2300

drawing inferences at trial to assess her credibility; and/or (iii) granting other appropriate relief.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendant Trees has discovered that Plaintiff Sarah Lee ("Ms. Lee") deliberately fabricated her principal corroborating evidence against Defendants Paul Sims ("Mr. Sims") and Trees (collectively the "Defendants") and has submitted and relied upon the fabricated evidence to support her claims before this Court and in prior administrative proceedings before the Bureau of Labor & Industries, Civil Rights Division ("BOLI"). The appropriate remedy for this flagrant abuse of justice is the imposition of a terminating sanction.

## II.    BACKGROUND

A.    Procedural History

On December 19, 2013, Ms. Lee filed an administrative complaint (hereinafter the "First Administrative Complaint") with BOLI[2] and co-filed it with the U.S. Equal Employment Opportunity Commission ("EEOC").[3] In her First Administrative Complaint Ms. Lee alleged a violation by Trees of ORS 659A.030(1)(b) and Title VII of the Civil Rights Act. BOLI gave its initial notice to Trees of the filing of the First Administrative Complaint by letter dated December 30, 2013.[4] Specifically, Ms. Lee alleged in her First Administrative Complaint that on or about January 2013 she was verbally harassed by certain co-workers, that she reported the harassing comments to Tree's general foreman Paul Sims, that Trees disciplined the co-workers, but the

---

[2] BOLI assigned Case # EEEMSH131219-11605 to Ms. Lee's First Administrative Complaint. Klayman Decl., ¶ 2.
[3] EEOC assigned Charge # 38D-2014-00142 to Ms. Lee's First Administrative Complaint. Klayman Decl., ¶ 2
[4] Klayman Decl., ¶ 2 and Exhibit A.

Page 3 -    DEFENDANT TREES, INC.'S MOTION FOR TERMINATING
SANCTION: CASE NO. 3:15-CV-00165-AC

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR  97204
Telephone:  503.243.2300

harassment did not stop.[5]  Ms. Lee further stated in the First Administrative Complaint:

> I believe Respondent [Trees] discriminated against me based on my sex in that Respondent subjects me to severe or pervasive sexual harassment, subjects me to a hostile work environment, and takes no corrective action.[6]

BOLI investigator Moayyad Khoshnaw ("Mr. Khoshnaw" or the "BOLI Investigator") was assigned to investigate the allegations in the First Administrative Complaint.[7]  Trees filed a response on January 22, 2014, in which it denied the allegations in Ms. Lee's First Administrative Complaint.[8]

Then, on March 20, 2014, Ms. Lee filed another administrative complaint (hereinafter the "Second Administrative Complaint") with BOLI[9] and again co-filed it with the EEOC.[10]  In her Second Administrative Complaint Ms. Lee alleged for the first time that Trees – aided and abetted by Paul Sims and Kent Cufici (misspelled Tuifici) – subjected her to quid pro quo sexual harassment, hostile work environment sexual harassment, and retaliation in violation of Oregon law and Title VII of the Civil Rights Act.  BOLI gave its initial notice to Trees of the filing of the Second Administrative Complaint by letter dated April 2, 2014.[11]  Specifically, Ms. Lee alleged in her Second Administrative Complaint that Paul Sims threatened her job in order to obtain sexual favors, that Trees and Paul Sims terminated Ms. Lee's employment on December 6, 2013, after she informed Mr. Sims that she would no longer have sex with him, that Trees, Paul Sims and Kent Cuifici committed sexual discrimination against her by creating a hostile work environment, and that Trees terminated Ms. Lee's employment shortly after she reported the sexual harassment both

---

[5] Klayman Decl., ¶ 2 and Exhibit A at pgs. 6–9.
[6] *Id.*
[7] Klayman Decl., ¶ 2 and Exhibit A at pg. 3.
[8] Klayman Decl., ¶ 3.
[9] BOLI assigned Case # EEEMSH40320-10386 to Ms. Lee's Second Administrative Complaint. Klayman Decl., ¶ 4.
[10] EEOC assigned Charge # 38D-2014-00358 to Ms. Lee's Second Administrative Complaint. Klayman Decl., ¶ 4.
[11] Klayman Decl., ¶ 4 and Exhibit B.

Page 4 -    DEFENDANT TREES, INC.'S MOTION FOR TERMINATING SANCTION: CASE NO. 3:15-CV-00165-AC

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR  97204
Telephone:  503.243.2300

#50527945_v1

internally and externally to BOLI.[12]  Trees, through the undersigned, filed a response on August 1, 2014, denying the allegations in Ms. Lee's Second Administrative Complaint.[13]

The Second Administrative Complaint was also assigned to Mr. Khoshnaw.[14]  As part of his investigation it appears from BOLI's claim file records that Mr. Khoshnaw interviewed Ms. Lee on at least two occasions, February 4, 2014, and August 11, 2014.[15]  Ms. Lee admits in her USDC Complaint that her sexual relationship with Mr. Sims started as a consensual relationship.[16] According to BOLI's records, during the August 11, 2014 BOLI interview, Ms. Lee stated "I have text messages that I asked him to stop the relationship" and "I will provide them to you."[17]

On August 27, 2014, at 9:32 AM according to BOLI's records Mr. Khoshnaw emailed Ms. Lee's attorney, Eric Fjelstad ("Mr. Fjelstad" or "Ms. Lee's Attorney") requesting the text messages Ms. Lee referenced during her interview.  The BOLI Investigator wrote:

> This is a follow up on August 11, 2014 interview with Ms. Lee.  I am still waiting for printed text messages and other communications between her and Mr. Sims that are related to her quid pro quo allegations.[18]

Mr. Fjelstad answered the next day, on August 28, 2014, at 10:46 AM.  In his email Mr. Fjelstad wrote: "Sorry for the delay, but getting the texts, etc. copied is proving extremely difficult."[19]

Approximately two weeks later, on September 16, 2014, Ms. Lee for the first time faxed print copies of text messages to Mr. Fjelstad which allegedly corroborated her claims against Mr.

---

[12] Klayman Decl., ¶ 4 and Exhibit B at pgs. 6-7.
[13] Klayman Decl., ¶ 5.
[14] Klayman Decl., ¶ 4 and Exhibit B at pg. 3.
[15] Angeli Decl., ¶ 5 and Exhibit B.
[16] The USDC Complaint [Dkt. No. 1 at ¶ 9].
[17] Angeli Decl., ¶ 5 and Exhibit B at BOLI 000097.
[18] Angeli Decl., ¶ 6 and Exhibit C.
[19] Angeli Decl., ¶ 7 and Exhibit C.

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR  97204
Telephone:  503.243.2300

#50527945_v1

Sims and Trees.[20]  On September 18, 2014, Mr. Fjelstad transmitted to BOLI print copies of the text messages he received on September 16, 2014, from Ms. Lee.[21]  It is important to note that Ms. Lee only produced **print copies** of text messages and never produced her phones to the BOLI Investigator, and BOLI never forensically examined her phones.

On September 29, 2014, Ms. Lee faxed additional print copies of text messages to Mr. Fjelstad, which supposedly corroborated further her alleged claims against the Defendants.[22]  On September 29, 2014, Mr. Fjelstad transmitted print copies of these text messages to BOLI.[23]  Mr. Fjelstad referred to the text messages in his transmittal letter to BOLI as the "smoking gun" of Ms. Lee's claims.  Again, it is important to note that Ms. Lee produced only **print copies** of text messages.

A conciliation conference was held by BOLI on December 5, 2014.  At the conciliation conference Mr. Sims saw for the first time the text messages that Ms. Lee presented to BOLI.[24]  Mr. Sims was surprised because he did not draft, compose, send, or receive the unwanted, harassing and/or threatening text messages that Ms. Lee provided to BOLI, including the unwanted, harassing and/or threatening text messages allegedly sent to Ms. Lee from his cell phone.[25]  Ms. Sims denies that he ever sent any unwanted, harassing or threatening text message to Ms. Lee.[26]  Also Mr. Sims: (i) denies ever assaulting Ms. Lee or forcing her to engage in acts which she characterized to him or which he characterizes as offensive, insulting and/or harmful,[27] (ii) denies ever using his position of authority to force Ms. Lee to engage in any nonconsensual sexual acts or to demand or receive

---

[20] Santiago Decl., ¶ 4 and Exhibit C, Lee deposition at 256:23-257:17.
[21] Santiago Decl., ¶ 4 and Exhibit C, Lee deposition at 255:6-257:17.
[22] Santiago Decl., ¶ 5 and Exhibit D, Lee deposition at 258:12-260:25.
[23] Santiago Decl., ¶ 5 and Exhibit D, Lee deposition at 257:18-260:25.
[24] Sims Decl., ¶ 3.
[25] *Id*.
[26] Sims Decl., ¶ 4.
[27] Sims Decl., ¶ 5.

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR  97204
Telephone:  503.243.2300

#50527945_v1

sexual favors,[28] (iii) denies demanding sexual favors from Ms. Lee in exchange for investigating and/or correcting any co-worker harassment claims alleged by her,[29] and (iv) denies demanding sexual favors from Ms. Lee as a condition of her employment with Trees or as a condition to maintain any benefits of Ms. Lee's employment with Trees.[30]

On or about December 16, 2014, BOLI issued a "Notice of Substantial Evidence Determination" related to the First Administrative Complaint[31] in which it cited as a major "Findings of Fact" that Ms. Lee "provided … **print copies** of text messages sent between her and Mr. Sims" in support of her claims."[32] (Emphasis added).

As mentioned previously, Mr. Sims adamantly denies sending these text messages to Ms. Lee, a denial that is recited in BOLI's "Notice of Substantial Evidence Determination" for the First Administrative Complaint.[33]  The Notice states:

> Mr. Sims has stated that [Ms. Lee] may have modified or created some of the text messages she provided to CRD.  However, he was not able to provide any evidence [at that time] to dispute the authenticity of the text messages.

In the "Summary" section of BOLI's "Notice of Substantial Evidence Determination" for the First Administrative Complaint the agency wrote:

> The text messages sent by Supervisor Paul Sims to [Ms. Lee] in July 2013, have all the elements of sexual harassment, and it is clear in these messages that he threatens [Ms. Lee's] employment if she did not submit to his sexual desires. * * * [Ms. Lee] made several attempts to file a complaint, but because Mr. Sims was the person receiving these complaints, no immediate and appropriate corrective action was taken.[34]

On December 24, 2014, BOLI issued a "Notice of Substantial Evidence Determination" for

---

[28] Sims Decl., ¶ 6.
[29] Sims Decl., ¶ 7.
[30] Sims Decl., ¶ 8.
[31] Klayman Decl., ¶ 6 and <u>Exhibit C</u>.
[32] *Id*. at 6-7.
[33] *Id*. at 15.
[34] *Id*. at 14.

**HOLLAND & KNIGHT LLP**
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR  97204
Telephone:  503.243.2300

#50527945_v1

the Second Administrative Complaint[35] in which it again noted that Ms. Lee "provided … **print**

**copies** of text messages sent between her and Mr. Sims."[36]  (Emphasis added).

In the "Summary" section of BOLI's "Notice of Substantial Evidence Determination" for the

Second Administrative Complaint the agency wrote:

> The text messages sent by Supervisor Paul Sims to [Ms. Lee] in July 2013, have all
> the elements of sexual harassment, and it is clear in these messages that he threatens
> [Ms. Lee's] employment if she did not submit to his sexual desires. * * * [Ms. Lee]
> made several attempts to file a complaint, but because Mr. Sims himself was the
> person receiving and investigating these complaints, no immediate and appropriate
> corrective action was taken.[37]

BOLI closed Ms. Lee's First Administrative Complaint and her Second Administrative

Complaint and gave notice of Ms. Lee's right to file a civil suit on January 14, 2015, and February 9,

2015, respectively.[38]

On January 30, 2015, Ms. Lee filed her USDC Complaint in the current federal action against

Trees and Mr. Sims alleging five claims for relief: (1) Title VII Gender Discrimination (in two

counts: Quid Pro Quo Sexual Harassment and Sexually Hostile Work Environment); (2) Sexual

Discrimination under ORS 659A.030 et seq.; (3) Assault; (4) Battery; and (5) Intentional Infliction

of Emotional Distress.[39] Trees stood by its previous representations, denied all claims and filed its

answer on February 19, 2015.[40]  The crux of Ms. Lee's allegations are contained in paragraphs 9 and

11 of her USDC Complaint.[41]  Lee states in her USDC Complaint:

> 9.      Ms. Lee and Defendant Sims began having a consensual sexual
> relationship in about May 2013. Defendant Sims initiated the relationship. About
> three or four weeks after commencing the relationship, Ms. Lee learned that

---

[35] Klayman Decl., ¶ 7 and Exhibit D.
[36] *Id*. at 6-7.
[37] *Id*. at 14-15.
[38] Klayman Decl., ¶ 8 and Exhibit E and ¶ 9 and Exhibit F.
[39] The USDC Complaint [Dkt. No. 1].
[40] Trees' Answer, [Dkt. No. 6].
[41] The USDC Complaint, ¶¶ 9 & 11 [Dkt. No. 1].

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR  97204
Telephone:  503.243.2300

#50527945_v1

Defendant Sims was married and ended the consensual relationship.

* * *

11.    Defendant Sims refused to accept that Ms. Lee terminated the consensual sexual relationship, and began insisting that Ms. Lee engage in various sexual acts with him while at work. Shortly after Ms. Lee attempted to terminate the sexual relationship, Mr. Sims threatened to terminate her employment because she did not have a commercial drivers' license, which she did not have to have for several more months. Defendant Sims then rescinded the CDL requirement for Ms. Lee after she agreed to have sex with him. When confronted by coworkers' acts of sexual harassment, Ms. Lee was forced again to have sex with Defendant Sims before he would address and correct the situation. Defendant Sims communicated numerous job threats to Ms. Lee if she refused to continue having nonconsensual sex with him. Defendant Sims also engaged repeatedly in calling Ms. Lee a "slut" and other derogatory, sexually-charged and unwelcome terms in the many texts that he sent to Ms. Lee during the period from about June 2013 through November 2013.

In her initial disclosures in the instant federal action Ms. Lee again produced **print copies** of text messages to corroborate her allegations, the same print copies that she provided to BOLI.[42]  Her initial disclosures, including print copies of the subject text messages, were served on Defendants on or about May 20, 2015.[43]

B.    Fraudulent Conduct By Ms. Lee

From the outset Trees uncovered no evidence to substantiate Ms. Lee's claims.  Its investigations, witness interviews and document review failed to unearth any facts to support wrongdoing by Trees or any of its employees.  As a result, Trees was surprised when it was finally able to review the BOLI claim file which contained print copies of the alleged text messages that Ms. Lee produced to BOLI.[44]

---

[42] Santiago Decl., ¶ 7.
[43] *Id.*
[44] Under ORS 192.501(8) all information or evidence submitted by the complainant to BOLI is exempt from disclosure until after the claim file is closed, settled, or the Commissioner issues a final order.

Page 9 -    DEFENDANT TREES, INC.'S MOTION FOR TERMINATING
            SANCTION: CASE NO. 3:15-CV-00165-AC

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR  97204
Telephone:  503.243.2300

As mentioned previously, Ms. Lee again produced **print copies** of the fabricated text messages as part of her initial disclosures in this action[45] but she has not yet produced the text messages in their native format despite an obligation to do so.[46]

Also troubling is Ms. Lee's deposition testimony that she had "[t]hree or four, maybe five" cell phones while she was employed by Trees.[47]  And according to her deposition testimony, each cell phones had the ability to send and receive text messages.[48]  Yet, despite requests that she produce all cell phones, she has failed to produce all but one of her phones.[49]  Eventually, the one cell phone Ms. Lee did produce was forensically examined.  The forensic examiner, Joel Brillhart, recovered over 5,000 text messages from that one phone.[50]  While Ms. Lee allowed friends to make phone call from her cell phones, she didn't "know of any friends ever texting" from her phones.[51]  Mr. Brillhart's analysis determined that many of the text messages Ms. Lee produced to BOLI and to Defendants as initial disclosures were in fact not sent from Mr. Sims' phone, but were actually in an unsent messages folder in Ms. Lee's cell phone.[52]  Mr. Brillhart concluded that Mr. Sims did not send or receive any of the text messages in the unsent messages folder, that those unsent messages were created on Ms. Lee's phone, and in creating the print copies of the text message strings that Ms. Lee provided to BOLI and the Defendants she took unsent messages and interspersed them with

---

[45] Santiago Decl., ¶ 7.
[46] Santiago Decl., ¶ 7 and Fed. R. Civ. P. 34.  *See also*, *Venture Corp. Ltd. v. Barrett*, No. 5:13-cv-03384-PSG, 2014 WL 5305575 (N.D. Cal. Oct. 16, 2014).  Trees Request For Production of Documents stated, "Documents and information stored in electronic form shall be produced in electronic form in their native format, preserving the integrity of the electronic document's contents, *i.e*., the original formatting of the document, its metadata and, where applicable, its revision history."
[47] Santiago Decl. ¶ 8 and Exhibit E, Lee deposition at 51:1–13.
[48] *Id*.
[49] Angeli Decl., ¶ 10.
[50] Brillhart Decl., ¶¶ 13-16.
[51] Santiago Decl., ¶ 9 and Exhibit F, Lee deposition at 147:4 to 148:7.
[52] Brillhart Decl., ¶¶ 17-30.

Page 10 -    DEFENDANT TREES, INC.'S MOTION FOR TERMINATING
SANCTION: CASE NO. 3:15-CV-00165-AC

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR  97204
Telephone:  503.243.2300

#50527945_v1

genuine text messages she sent or received[53] all in order to create a false tale of on the job sexual harassment.

As detailed below, the fabricated text messages composed by Ms. Lee, which were cut and pasted together with real text messages to form a false narrative of her relationship with Mr. Sims and her coworkers, are a blatant attempt to prove up her meritless case and warrant terminating sanctions.

Mindful that Federal Rule of Evidence 403 discourages the presentation of relevant evidence if its probative value is substantially outweighed by a danger of "wasting time, or needlessly presenting cumulative evidence," only a few examples of the text message strings fabricated by Ms. Lee are discussed in detail in this memorandum.

Reluctantly, Trees provides the content of these text messages in their entirety. While all the text messages recovered from Ms. Lee's phone are not presented in this memorandum – but Trees makes an offer of proof to do so if the Court desires that all recovered text messages be presented – suffice it to say that many genuine text messages and many text messages fabricated by Ms. Lee contain obscene and graphic language, a common fact found in the communications between these parties.  Trees apologizes to this Court and its staff for having to present herein such sexually explicit text messages.

    C.    <u>Records Falsified</u>

First, the Court should take note that Ms. Lee presented her "smoking gun" text message evidence for the first time to the BOLI investigator more than nine (9) months after she filed her First Administrative Complaint, almost six (6) months after she filed her Second Administrative Complaint and only after the BOLI investigator prodded Ms. Lee's attorney to produce the text

---

[53] Brillhart Decl., ¶ 32 & 33.

Page 11 -    DEFENDANT TREES, INC.'S MOTION FOR TERMINATING
           SANCTION: CASE NO. 3:15-CV-00165-AC

messages Ms. Lee claimed she possessed.  Logically, one would expect "smoking gun" text message evidence, if the messages truly existed, to be submitted immediately to the BOLI investigator.

      1.    <u>BOLI000283 / SIMS000417</u>

Ms. Lee's fabrication of evidence came into focus when Trees' counsel re-reviewed BOLI000283 (aka SIMS000417), one of seventeen (17) pages of printed text messages that Ms. Lee faxed to her attorney on September 29, 2014.[54]  The seventeen (17) pages of printed text messages produced by Ms. Lee contain language that leads the reader to believe the message exchange was between a male (allegedly Mr. Sims) and Ms. Lee.[55]  In a genuine text message string one party's text messages are vertically aligned on one side of the phone screen and the other party's text messages are vertically aligned on the other side of the screen.  But unlike a genuine text message string the text messages on BOLI000283 (aka SIMS000417) contains messages from the male (allegedly Mr. Sims) on both sides of the screen.  Specifically, BOLI000283 (aka SIMS000417) contains the following text messages:[56]

| Left side of phone screen | Right side of phone screen |
|---|---|
| *Suck it up! Its not that bad, I am just fucking you. Stop crying!!* | |
| | |
| *Get over it!* | |
| | |
| | *I will be back latter this week, or maybe I will cum to you in cannon beach! You know you want my hard cock in your ass, You better start talking nice to me, and acting like you want it.* |

Mr. Sims' text messages cannot appear on *both* sides of the phone screen.  If the text

---

[54] Santiago Decl., ¶ 5 and <u>Exhibit D</u>, Lee deposition at 258:12-260:25.
[55] Santiago Decl., ¶ 5 and Exhibit D.
[56] Santiago Decl., ¶ 5 and Exhibit D, at SIMS000417.

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR  97204
Telephone:  503.243.2300

message string was truly authentic, the messages allegedly from Mr. Sims would align vertically on the *same side* of the screen at all times (the left side in this instance).  Following the discovery of this discrepancy, which indicated a manipulation of evidence by Ms. Lee, Trees employed a forensic expert – Joel Brillhart – to recover and analyze all text messages on the single phone produced by Ms. Lee.

The full-scale of Ms. Lee's deceit is unlikely to ever be fully uncovered since she has failed to produce four of the five phones she claimed to have while she was employed by Trees,[57] but the following message strings succinctly illustrate her conduct.

The print copy of the text message strings faxed by Ms. Lee to her attorney on September 16, 2014 illustrates how Ms. Lee fabricated text messages and wove the fictitious text messages together with genuine text messages to create a false narrative against the Defendants.

### 2.    "LEE"[58]000302–000305 / BOLI000292–000295

The text message string set out on BOLI000292 – BOLI000295 reveals the fraud.  That string reads as follows (and in the footnotes Trees discusses whether each distinct text message is fabricated or real):

| Texts Allegedly From Mr. Sims | Texts Allegedly From Ms. Lee |
|---|---|
| | |
| *Bet u thought I would just go away! Wrong bitch! I just need u for the sex. The gifts are to take your mouth shut! I know u liked it!*[59] | |
| | |

---

[57] *Id*, f/n 47.

[58] As part of her initial disclosures, Ms. Lee produced records with a Bates number, but she did not include an identifier.  For clarity, in this motion we use the identifier "LEE" for Ms. Lee's records.

[59] This text was not recovered on the phone examined by Mr. Brillhart.  However, notice that the exact text message repeats in the next transmission.  This is suspicious.

Page 13 -    DEFENDANT TREES, INC.'S MOTION FOR TERMINATING
SANCTION: CASE NO. 3:15-CV-00165-AC

**HOLLAND & KNIGHT LLP**
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR  97204
Telephone:  503.243.2300

#50527945_v1

| | |
|---|---|
| *Bet u thought I would just go away! Wrong bitch! I just need u for the sex. The gifts are to take your mouth shut! I know u liked it!* | |
| | |
| *. At work you will get all the best training possible.*[60] | |
| | *[Unintelligible text message]* |
| | |
| *Thinking my tongue licking on your pussy and your ass and my dick being hard in your mouth coming all over you*[61] [62] | |
| | |
| | *[Unintelligible text message]* |
| *What I am making u do is for your own good! If u would stop saying no, it would go easy.*[63] | |
| | |

---

[60] Brillhart Decl., ¶ 22. This text is a fragment of a real text message sent by Mr. Sims on 6/26/13 at 12:16:45 and 12:16:48 PM. The entire text message sent by Mr. Sims on 6/26/13 at 12:16:45 and 12:16:48 reads: "*You didnt have to do that. You just needed mike and rick to let you learn how to drive the truck. You will be driving it every day. You take things wrong. At work you will get all the best  training possible.*" Telltale signs that Ms. Lee used a fragment of the real message sent on 6/26/13 are disclosed by: (1) the period starting the print copy of text message provided by Ms. Lee; and (2) the double space between the words "best" and "training" in the fragment presented by Ms. Lee. The double space between the words also appears in the real text message."

[61] Brillhart Decl., ¶ 22. This text is a fragment of a real text message sent by Mr. Sims on 5/31/13 at 1:43:36 PM. The full text message sent on 5/31/13 at 1:43:36 begins with the words: "*While you're driving to where you're going just….*" Minutes prior to Mr. Sims' text message Ms. Lee sent him a text message that reads in part "*Ok I am leaving out the door.*"

[62] Lest the Court interpret the sexually explicit language in Mr. Sims 5/31/13, 1:43:36 text message as an indication of unwanted conduct, Trees notes that the text messages from Ms. Lee in the minutes prior to Mr. Sims' text message included provocative banter by Ms. Lee such as the following: (i) "*I want u too!!! I like how u play naughty with me!*" sent by Ms. Lee on 5/31/13 at 1:25:21 PM (UTC-7), (b) "*Anyway u like it!!*" sent by Ms. Lee on 5/31/13 at 1:31:17 PM (UTC-7), (c) "*Bad Sarah I need a spanking.*" sent by Ms. Lee on 5/31/2013 at 1:32:03 PM (UTC-7), and (d) "*Give it to me!*" sent by Ms. Lee on 5/31/2013 at 1:32:43 PM (UTC-7). Brillhart Decl., ¶ 23.

[63] This text was not located on the phone examined by Mr. Brillhart.

Page 14 -    DEFENDANT TREES, INC.'S MOTION FOR TERMINATING
SANCTION: CASE NO. 3:15-CV-00165-AC

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR  97204
Telephone:  503.243.2300

| | |
|---|---|
| | *I said I don't want to fuck u no more why can't u understand that? Why are u making me do these things it's not right! I am going to tell on you, the lie u are telling are going to come out sooner than latter.*[64] |
| | |
| | *I don't need to be in comp for work over a license.*[65] |
| *You sucking on my hard cock was the best you must love me! Hahaha I will talk to the guys now and they will back off*[66] | |
| | |
| | *[Unintelligible text message]* |
| | |
| Sorry for bothering you, just miss you just was hoping to hear your[67] | |

The fabricated text messages identified at footnotes 64 and 66, were cut and pasted together

by Ms. Lee with the real text message fragments identified at footnotes 60, 61 and 67 and the real

text message at footnote 65, to create the false narrative that Ms. Lee was the target of sexual

harassment.

3.    "LEE"000306–000307 / BOLI000296–000297

The text message string set out on BOLI000296 – BOLI000297 (aka LEE000306 –

---

[64] Brillhart Decl., ¶¶ 15, 16 and 21 and Exhibit B.  This text was located in the unsent folder of Ms. Lee's phone.  It was composed on 9/12/14 starting at 8:46:40 AM.

[65] Brillhart Decl., ¶ 22.  This text is a real text message sent by Ms. Lee on 6/26/13 starting at 12:38:14 PM.

[66] Brillhart Decl., ¶¶ 15, 16 and 21 and Exhibit B.  This text was located in the unsent folder of Ms. Lee's phone.  It was composed on 9/11/14 starting at 1:44:11 PM.

[67] Brillhart Decl., ¶ 21.  This text is a fragment of a real text message sent by Mr. Sims on 6/29/13 starting at 7:32:21 PM.  The full text message sent on 6/29/13 reads: "*Sorry for bothering you, just miss you just was hoping to hear your voice but I understand you got a lot going on not your fault I ain got shit to do or nothing going on so anyway talk to you later tomorrow whatever I guess I don't know☺.*" Another telltale sign that this is a fragment of the real message sent on 6/29/13 is disclosed by the text message ending with the words "to hear your."  This suggests there is more to the message than contained on the print version produced by Ms. Lee.

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR  97204
Telephone:  503.243.2300

#50527945_v1

BOLI000307) also reveals the fraud.  That string reads as follows (and in the footnotes Trees

discusses whether each distinct text message is fabricated or real):

| Texts Allegedly From Mr. Sims | Texts Allegedly From Ms. Lee |
|---|---|
| | *I am so sick, u make it hurt so bad. Why can't u just leave me alone![68]* |
| *I wish I could spend next week and 4th of July with you. I wish you would want to spend it with me to[69]* | |
| | *U are taking advantage of me scaring with my job. It's called rap asshole leave me alone![70]* |
| *I need to talk to you please[71]* | |
| | *[Unintelligible text message]* |
| *I want to do whatever it takes to be with you. I love you Sara[72]* | |
| | *Leave me alone![73]* |
| *You should be scared of what I can do to u![74]* | |

---

[68] Brillhart Decl., ¶¶ 15, 16 and 24 and Exhibit B.  This text was located in the unsent folder of Ms. Lee's phone.  It was composed on 9/11/14 starting at 2:04:55 PM.

[69] Brillhart Decl., ¶ 25.  This text is a real text message sent by Mr. Sims on 6/29/13 starting at 8:40:44 AM.

[70] Brillhart Decl., ¶¶ 15, 16 and 24 and Exhibit B.  This text was located in the unsent folder of Ms. Lee's phone.  It was composed on 9/10/14 starting at 7:29:01 AM.  Another telltale sign that the message on the print copy of the text messages faxed by Ms. Lee to her attorney on 9/16/14 is the same message as in the unsent folder is the spelling of the word "rape" in the text message.  When fabricating the text message Ms. Lee misspelled that word "rap."

[71] Brillhart Decl., ¶ 25.  This text is a real text message sent by Mr. Sims on 6/30/13 starting at 10:28:51 AM.

[72] Brillhart Decl., ¶ 25.  This text is a real text message sent by Mr. Sims on 6/30/13 starting at 10:42:05 AM.

[73] Brillhart Decl., ¶¶ 15, 16 and 24 and Exhibit B.  This text was located in the unsent folder of Ms. Lee's phone.  It was composed on 9/11/14 starting at 1:49:48 PM.

[74] This text was not located on the phone examined by Mr. Brillhart.

Page 16 -    DEFENDANT TREES, INC.'S MOTION FOR TERMINATING
             SANCTION: CASE NO. 3:15-CV-00165-AC

#50527945_v1

The fabricated text messages identified at footnotes 68, 70 and 73, were cut and pasted together by Ms. Lee with the real text messages identified at footnotes 69, 71, and 72, to create the false narrative that Lee was the target of sexual harassment.

     4.   LEE"000308 / BOLI000298

The text message string set out on BOLI000298 (aka LEE000308) also reveals the fraud. That string reads as follows (and in the footnotes Trees discusses whether each distinct text message is fabricated or real):

| Texts Allegedly From Mr. Sims | Texts Allegedly From Ms. Lee |
|---|---|
| | |
| *I have paper work for u too fill out soon. I have to come get u soon.*[75] | |
| | |
| | *Please stop*[76] |
| | |
| *U will learn to take it*[77] | |
| | |
| *Yes only if u do as I say no one gets hurt*[78] | |
| | |
| | *I hate u!!!!!!!*[79] |
| | |
| | *You are I pic of shit!!!!*[80] |

---

[75] This text was not located on the phone examined by Mr. Brillhart.

[76] Brillhart Decl., ¶¶ 15, 16 and 26 and Exhibit B.  This text was located in the unsent folder of Ms. Lee's phone.  It was composed on 9/12/14 starting at 8:38:29 AM.

[77] This text was not located on the phone examined by Mr. Brillhart.

[78] Brillhart Decl., ¶¶ 15, 16 and 26 and Exhibit B.  This text was located in the unsent folder of Ms. Lee's phone.  It was composed on 9/11/14 starting at 1:25:31 PM.  However, the text in the unsent folder of Ms. Lee's phone contained a comma between the words "say" and "no."

[79] Brillhart Decl., ¶¶ 15, 16 and 26 and Exhibit B.  This text was located in the unsent folder of Ms. Lee's phone.  It was composed on 9/11/14 starting at 1:48:09 PM.  Another telltale sign that the text message on the print version of the text messages produced by Ms. Lee is the same as the text message in the unsent folder of her phone is the number of exclamation points at the end of the message (seven).

[80] Brillhart Decl., ¶¶ 15, 16 and 24 and Exhibit B.  This text was located in the unsent folder of Ms. Lee's phone.  It was composed on 9/11/14 starting at 1:48:20 PM.  Another telltale sign that the text message on the print version of the text messages produced by Ms. Lee on 9/16/14 is the same as the

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR  97204
Telephone:  503.243.2300

The fabricated text messages identified at footnotes 76, 78, 79 and 80 create the false narrative that Ms. Lee was the target of sexual harassment.

     5.    <u>"LEE"000309 / BOLI000299</u>

The text message string set out on BOLI000299 (aka LEE000309) also reveals the fraud. That string reads as follows (and in the footnotes Trees discusses whether each distinct text message is fabricated or real):

| Texts Allegedly From Mr. Sims | Texts Allegedly From Ms. Lee |
|---|---|
| | |
| | *U need mental help.*[81] |
| | |
| *No one will believe u, the guys will do as told to keep their jobs!*[82] | |
| | |
| *I like it when you're sweaty. You're super sexy*[83] | |
| | |
| *U want your job right*[84] | |
| | |
| | *[Unintelligible text message]* |
| | |
| *Now call me right now*[85] | |

The fabricated text messages identified at footnotes 82, 84 and 85, were cut and pasted together by Ms. Lee with the real text message fragments identified at footnote 83 and the real text

---

text message in the unsent folder of her phone is: (1) the spelling of the word "piece." Ms. Lee spells it "pic," and (2) the number of exclamation points at the end of the message (four).

[81] Brillhart Decl., ¶ 28. This text is from a real text message sent by Ms. Lee on 8/5/13 starting at 6:39:17 PM.

[82] Brillhart Decl., ¶¶ 15, 16 and 27 and Exhibit B. This text was located in the unsent folder of Ms. Lee's phone. It was composed on 9/11/14 starting at 1:34:15 PM.

[83] Brillhart Decl., ¶ 28. This text is a fragment of a longer text message sent by Mr. Sims on 7/17/13 starting at 2:16:48 PM. The entire text message reads: "*I like it when you're sweaty. You're super sexy when you're sweet.*"

[84] Brillhart Decl., ¶¶ 15, 16 and 27 and Exhibit B. This text was located in the unsent folder of Ms. Lee's phone. It was composed on 9/11/14 starting at 1:28:28 PM.

[85] Brillhart Decl., ¶¶ 15, 16 and 27 and Exhibit B. This text was located in the unsent folder of Ms. Lee's phone. It was composed on 9/11/14 starting at 1:31:22 PM.

Page 18 -    DEFENDANT TREES, INC.'S MOTION FOR TERMINATING SANCTION: CASE NO. 3:15-CV-00165-AC

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR  97204
Telephone:  503.243.2300

#50527945_v1

message at footnote 81, to create the false narrative that Ms. Lee was the target of sexual harassment.

> 6.    "LEE"000313 / BOLI000303

The text message string set out on BOLI000303 (aka LEE000313) also reveals the fraud.

That string reads as follows (and in the footnotes Trees discusses whether each distinct text message

is fabricated or real):

| **Texts Allegedly From Mr. Sims** | **Texts Allegedly From Ms. Lee** |
|---|---|
| | |
| | *Stop breaking my phones when u mad.[86]* |
| | |
| *Stop fighting this, take it like a good bitch and shut up for once[87] want your job right[88] do as told to[89]* | |
| | |
| | *Stop hurting me, I will put out if u stop[90]* |
| | |
| *You will do what I say or u won't have a job, the saw was a gift to shut you up![91]* | |

The fabricated text messages identified at footnotes 86 – 91 create the false narrative that Ms.

Lee was the target of sexual harassment.

---

[86] Brillhart Decl., ¶¶ 15, 16 and 29 and Exhibit B.  This text was located in the unsent folder of Ms. Lee's phone.  It was composed on 9/11/14 starting at 9:46:51 AM.

[87] Brillhart Decl., ¶¶ 15, 16 and 29 and Exhibit B.  This text was composed on 9/11/14 starting at 1:30:06 PM.

[88] Brillhart Decl., ¶¶ 15, 16 and 29 and Exhibit B.  This text is a fragment of a text message located in the unsent folder of Ms. Lee's phone.  The full message reads: "*U want your job right.*"  The text message fragment was composed on 9/11/14 starting at 1:28:28 PM.

[89] Brillhart Decl., ¶¶ 15, 16 and 29 and Exhibit B.  This text was located in the unsent folder of Ms. Lee's phone.  It was composed on 9/11/14 starting at 1:34:15 PM.

[90] Brillhart Decl., ¶¶ 15, 16 and 29 and Exhibit B.  This text was located in the unsent folder of Ms. Lee's phone.  It was composed on 9/11/14 starting at 8:45:50 AM.

[91] Brillhart Decl., ¶¶ 15, 16 and 27 and Exhibit B.  This text was located in the unsent folder of Ms. Lee's phone.  It was composed on 9/11/14 starting at 1:09:18 PM.

**HOLLAND & KNIGHT LLP**
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR  97204
Telephone:  503.243.2300

7.    "LEE"000315 / BOLI000305

The text message string set out on BOLI000305 (aka LEE000315) also reveals the fraud.

That string reads as follows (and in the footnotes Trees discusses whether each distinct text message

is fabricated or real):

| Texts Allegedly From Mr. Sims | Texts Allegedly From Ms. Lee |
|---|---|
| | |
| *I hope u understand clearly what will happen*[92] | |
| | |
| *I hope u understand clearly*[93] *No one will believe u*[94] | |
| | |
| *Let me know how well that works out for u.*[95] *slut!!!* | |
| | |
| *But make sure u never work for trees again*[96] | |
| | |
| | *They are forming like bruises in left arm and side.*[97] |

The fabricated text messages identified at footnotes 92-96, were cut and pasted together by

Ms. Lee with the real text message identified at footnote 97, to create the false narrative that Ms. Lee

was the target of sexual harassment.

The text message strings discussed above prove Ms. Lee's deceit.  In essence she fabricated

---

[92] Brillhart Decl., ¶¶ 15, 16 and 30 and Exhibit B.  This text was located in the unsent folder of Ms. Lee's phone.  It was composed on 9/11/14 starting at 1:40:02 PM.

[93] Brillhart Decl., ¶¶ 15, 16 and 30 and Exhibit B.  This text was located in the unsent folder of Ms. Lee's phone.  It was composed on 9/11/14 starting at 1:40:02 PM.

[94] Brillhart Decl., ¶¶ 15, 16 and 30 and Exhibit B.  This text was located in the unsent folder of Ms. Lee's phone.  It was composed on 9/11/14 starting at 1:34:15 PM.

[95] Brillhart Decl., ¶¶ 15, 16 and 30 and Exhibit B.  This text was located in the unsent folder of Ms. Lee's phone.  It was composed on 9/11/14 starting at 1:37:51 PM.

[96] Brillhart Decl., ¶¶ 15, 16 and 30 and Exhibit B.  A portion of this text was located in the unsent folder of Ms. Lee's phone.  The unsent message was composed on 9/11/14 starting at 1:36:44. However, the word "But" was substituted for the word "Besides" in the produced version.  The unsent text message reads "*Besides make sure u never work for trees again*".

[97] Brillhart Decl., ¶ 31.  This is a real text message sent by Ms. Lee on 8/6/13 starting at 1:30:54 PM.

**HOLLAND & KNIGHT LLP**
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR  97204
Telephone:  503.243.2300

#50527945_v1

text messages, cut and pasted them together with genuine text messages or fragments thereof, to create a false narrative.  If she had produced all the phones she used while employed by Trees, there is little doubt the remaining fabricated text messages would have been discovered.

Included as **Exhibit B** to Mr. Brillhart's declaration are other text messages from the unsent messages folder on Ms. Lee's phone.  Mr. Brillhart concluded that Mr. Sims did not send or receive any of the text messages in the unsent messages folder and that the unsent text messages were created on Ms. Lee's phone.[98]  These other unsent messages are further evidence that Ms. Lee intentionally crafted text messages to support her claims.

## III.    TERMINATING SANCTIONS ARE WARRANTED

Federal courts have inherent authority to impose terminating sanctions when a party engages in deliberate and "deceptive practices that undermine the integrity of USDC proceedings." *Leon v. IDX Sys. Corp*., 464 F.3d 951, 958 (9th Cir. 2006); *Chambers v. NASCO, Inc*., 501 U.S. 32, 58 (1991) (sanctions affirmed under inherent authority of federal court to remedy "fraudulent and brazenly unethical efforts"); *Anheuser-Busch, Inc. v. Natural Beverage Distribs*., 69 F.3d 337, 348 (9th Cir. 1993) (a court may impose terminating sanctions to remedy misconduct "utterly inconsistent with the orderly administration of justice").

The Ninth Circuit not only recognizes, but encourages the imposition of severe sanctions for misconduct like Ms. Lee's.  In *G-K Properties v. Redevelopment Agency Etc*., 577 F.2d 645, 647 (9th Cir. 1978), the Ninth Circuit stated:

> "Where it is determined that counsel or a party has acted willfully or in bad faith in failing to comply with rules of discovery or with court orders enforcing the rules or in flagrant disregard of those rules or orders, it is within the discretion of the trial court to dismiss the action or to render judgments by default against the party responsible for noncompliance.  Fed. R.Civ.P. 37(b)...We encourage such orders."

---

[98] Brillhart Decl., ¶¶ 32 & 33.

**HOLLAND & KNIGHT LLP**
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR  97204
Telephone:  503.243.2300

#50527945_v1

Falsification of evidence, like here, is unquestionably an abusive litigation practice that

warrants dismissal of Ms. Lee's complaint. *Combs v. Rockwell Int'l Corp*., 927 F.2d 486, 488 (9th

Cir. 1991) (affirming dismissal for falsifying a deposition); *TeleVideo Sys., Inc*., 826 F.2d at 917

(affirming entry of default judgment for perjury and false pleadings); *Wyle v. R.J. Reynolds Industs.,*

*Inc*., 709 F.2d 585, 589 (9th Cir. 1983) (affirming dismissal for denying material facts and failure to

comply with discovery orders). *Emma C. v. Eastin*, 2001 WL 1180638, at *2 (N.D. Cal. Oct. 4,

2001) ("The filing of a fraudulent document is a serious matter because its very nature threatens the

integrity of the USDC process... Fabricating documentary evidence is a *litigation abuse* and is

subject to inherent powers sanctions.") (internal citations omitted) (italics added).  Therefore, due to

Ms. Lee's deliberate submission of false evidence, this Court should impose terminating sanctions.

Ninth Circuit courts consider several factors before imposing terminating sanctions,

including:

"(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage

its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring

disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Anheuser-*

*Busch*, 69 F.3d at 348.

A court may consider these factors, but they are not necessary to impose sanctions. *Conn.*

*Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).  Here, Ms.

Lee's deceit is clear.  She submitted false evidence to substantiate her BOLI complaints and in direct

response to discovery disclosure requirement.  Ms. Lee's manipulation of text messages was done

purely to bolster her meritless claims.  As such, the Court should award terminating sanctions

because such egregious and willful deceit not only undermines the USDC process, but encourages

deceit. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 916 (9th Cir. 1987) (court may exercise

Page 22 -    DEFENDANT TREES, INC.'S MOTION FOR TERMINATING
                SANCTION: CASE NO. 3:15-CV-00165-AC

**HOLLAND & KNIGHT LLP**
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR  97204
Telephone:  503.243.2300

#50527945_v1

power to impose terminating sanctions for "abusive litigation practices.").

    A.    <u>The Public Interest In Expeditious Resolution of Litigation Favors Dismissal</u>

The use of the fabricated text messages in the BOLI administrative actions, and now in this case, is sufficient to support sanctions by this Court. Ms. Lee knew her claims lacked viability and as a result she willfully manipulated text messages to support her meritless allegations. For more than three years—since December 2013—Ms. Lee has expended valuable USDC and state resources on frivolous claims based on falsified records. She has unnecessarily burdened this Court and must heretofore be prevented from doing so again. There is no end in sight. Furthermore, Ms. Lee's counsel of record is in constant flux, which has led to unnecessary delay. Prior counsel's withdrawal after being informed of the evidence of fabrication is telling and the prospect of further changes to her counsel of record will only result in further delays. Finally, pro bono counsel currently representing Ms. Lee should and could better expend their time and resources representing clients who do not fabricate evidence. There is no public interest in further litigating this case and the public interest is best served by awarding terminating sanctions.

    B.    <u>Management of This Court's Docket Favors Dismissal.</u>

Ms. Lee's misconduct evidences a reckless disregard of her obligation to remain honest and truthful to this Court and her callous disregard for truthfulness is impeding the prompt resolution of this case. The submission of fabricated evidence has impeded this Court's ability to manage this case efficiently and expeditiously, as evidenced by the numerous delays that have already plagued this matter. It is unnecessary to further burden this Court with additional motion practice on unmeritorious claims.

    C.    <u>The Risk of Prejudice to Trees Warrants Dismissal</u>

Trees has devoted resources and incurred significant expenses to defend against Ms. Lee's

**HOLLAND & KNIGHT LLP**
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

#50527945_v1

meritless claims.  It has also spent significant sums to reveal her fabrication of evidence.  Ms. Lee's

deceit and her willfulness to flaunt Court decorum will not stop unless the court takes prompt action.

Proper and immediate resolution of this case is the only way to end the ongoing harm to Trees.

There is also no question that litigating against a person who is willing to interfere with the

administration of justice could result in a potentially adverse and unjustified outcome.

      D.     <u>Public Policy Warrants Dismissal</u>

Ms. Lee has offered no independent evidence to support her claims absent the falsified text

messages.  As such, public policy prevents Ms. Lee from receiving any benefit for her abusive

litigation tactics.   Additionally, any lesser sanctions would only reward Ms. Lee's 'prevail at any

cost' attitude.  Termination is the only sanction that will put a stop to her behavior, and without it,

Ms. Lee will be emboldened to file future claims supported by forged documents.  Trees ability to

uncover the truth has already been prejudiced and it is appropriate to reject lesser sanctions because

public policy should not, and cannot, reward conduct similar to Ms. Lee's. *Conn. Gen. Life Ins. Co*.,

482 F.3d at 1097 (lesser sanctions rejected because achieving the truth of the matter at issue was

jeopardized).

      E.     <u>Dismissal is Warranted Because Lesser Sanctions are Inadequate</u>

Before awarding lesser sanctions, the Court should, "(1) explicitly discuss the feasibility of

less drastic sanctions and explain why such alternative sanctions would be inappropriate; (2) attempt

to implement alternative sanctions before ordering dismissal; and (3) warn the party of the

possibility of dismissal before ordering dismissal." *United States ex rel. Berglund*, 835 F.Supp.2d at

1054 (citing *Anheuser-Busch, Inc*., 69 F.3d at 352).

However, dismissal of Ms. Lee's claims is the appropriate sanction here.  She fabricated and

falsified documents and offered them as genuine.  Simply put, she cheated.  Fortunately, courts "are

Page 24 -   DEFENDANT TREES, INC.'S MOTION FOR TERMINATING
SANCTION: CASE NO. 3:15-CV-00165-AC

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR  97204
Telephone:  503.243.2300

#50527945_v1

forums in which people may obtain fair resolutions of their disputes in accordance with rules intended to preserve that fairness." *Id*.  Any alternative sanction would be for naught.

Moreover, monetary sanctions against Ms. Lee will not work.  "A sanction which a party clearly cannot pay does not vindicate the court's authority because it neither punishes nor deters." *Martin v. Automobili Lamborghini Exclusive, Inc*., 307 F.3d 1332, 1337 (11th Cir. 2002).  Ms. Lee is currently represented by *pro bono* counsel obtained through the Court's assistance program because she claims she cannot afford to hire counsel.  As such, her ability to pay monetary sanctions is doubtful.  Additionally, a lesser monetary sanction would put a price tag on Ms. Lee's deliberate efforts to manufacture evidence and permit her to freely pursue a claim based on altered evidence, an outcome disfavored by courts.  *Berglund*, 835 F.Supp.2d at 1054.

Finally, no warning is justified or needed in the present case.  Ms. Lee already has been notified that the documents she provided were false.  Her prior legal counsel, Eric Fjelstad testified recently that he informed Ms. Lee almost a year ago that Defendants had proof her print copies of text messages were falsified.  Yet she continues to contest their veracity and any instruction or warning by this court will be fruitless.  *Berglund*, 835 F.Supp.2d at 1055 (denying availability of a warning because the party's history shows it is unlikely to follow a such warning).

It is unlikely that Trees will ever know the true extent of Ms. Lee's pervasive efforts to fabricated or conceal evidence, and only terminating sanctions will dissuade her from engaging in similar conduct against other parties, in other actions.

## IV.    THE FALSIFIED RECORDS ARE EVIDENCE OF BAD FAITH

Dismissal must be supported by a finding of "willfulness, fault, or bad faith." *Leon*, 464 F.3d 958.  It is well-established that terminating sanctions are appropriate where there is a close nexus between the sanctionable misconduct and the matters in controversy.  *Wyle*, 709 F.2d at 591

Page 25 -    DEFENDANT TREES, INC.'S MOTION FOR TERMINATING
SANCTION: CASE NO. 3:15-CV-00165-AC

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR  97204
Telephone:  503.243.2300

#50527945_v1

(terminating sanctions affirmed where there was a close nexus between the asserted claims and sanctionable conduct).  Ms. Lee's bad faith is evidence by her willingness to forge documents and then rely on them.  Her bad faith is also proven by an utter lack of respect for the integrity of this Court.

Her bad faith conduct bears directly on the veracity of her claims against Trees and Mr. Sims.  Without the falsified text messages there are no other merits to consider.  This is not a case where a record was inadvertently relied upon or testimony was misleading to advance a cause of action.  Her falsification was a blatant attempt to bolster her meritless claims, and thus, there are no due process concerns by granting this motion.

## V.    CONCLUSION

Based on the foregoing, Trees respectfully requests that the Court grant this motion and dismiss Ms. Lee's USDC Complaint, with prejudice.


Dated:  April 7, 2017

Respectfully submitted,

HOLLAND & KNIGHT LLP


By: *s/ Louis A. Santiago*
    Louis A. Santiago, OSB # 783610
    E-mail:  serve.las@hklaw.com
    2300 US Bancorp Tower
    111 SW Fifth Avenue
    Portland, OR  97204
    Telephone:  503.243.2300
    Fax:  503.241.8014

    Attorneys for Defendant
    TREES, INC., a Delaware corporation

Page 26 -    DEFENDANT TREES, INC.'S MOTION FOR TERMINATING
              SANCTION: CASE NO. 3:15-CV-00165-AC

**HOLLAND & KNIGHT LLP**
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR  97204
Telephone:  503.243.2300

#50527945_v1

CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing DEFENDANT TREES, INC.'S MOTION FOR TERMINATING SANCTION to be served on the following person[s]:

Edwin A. Harnden
Email: eharnden@barran.com
Tyler Volm
Email:  tvolm@Barran.com
Barran Liebman LLP
601 SW 2nd Ave., Ste 2300
Portland, OR 97204
          *Of Attorneys for Plaintiff*

Courtney Angeli
Email: courtney@baaslaw.com
Kristine Lambert
Email:  kristine@baaslaw.com
Buchanan Angeli Altschul & Sullivan LLP
321 SW 4th Ave., Suite 600
Portland, OR 97204
          *Of Attorneys for Defendant Sim*

by the following indicated method or methods:

☑        by CM/ECF electronically mailed notice from the Court on the date set forth below.

☐        by mailing full, true and correct copies thereof in sealed, first class postage prepaid envelopes, addressed to the parties and/or their attorneys as shown above, to the last-known office addresses of the parties and/or attorneys, and deposited with the United States Postal Service at Portland, Oregon, on the date set forth below.

☐        by causing full, true, and correct copies thereof to be hand-delivered to the parties and/or their attorneys at their last-known office addresses listed above on the date set forth below.

☐        by sending full, true, and correct copies thereof, via overnight courier in sealed, prepaid envelopes, addressed to the parties and/or their attorneys as shown above, to the last-known office addresses of the parties and/or their attorneys, on the date set forth below.

DATED April 7, 2017.


                                        *s/ Louis A. Santiago*
                                        Louis A. Santiago


Page 1 -    CERTIFICATE OF SERVICE

**HOLLAND & KNIGHT LLP**
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR  97204
Telephone:  503.243.2300

#50527945_v1