Courtney Angeli, OSB No. 941765
courtney@baaslaw.com
Kristine Lambert, OSB No. 010684
kristine@baaslaw.com
BUCHANAN ANGELI ALTSCHUL
& SULLIVAN LLP
321 SW Fourth Avenue, Suite 600
Portland, OR 97204
Telephone: 503-974-5015
Facsimile: 971-230-0337

Attorneys for Defendant Paul Sims

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SARAH LEE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TREES, INC., a Delaware corporation; and PAUL SIMS, an individual,<br><br>　　　　Defendants. | Case No. 3:15-cv-00165-AC<br><br>STIPULATED ~~PROPOSED~~ FINAL JUDGMENT DISMISSING WITH PREJUDICE ALL CLAIMS BETWEEN PLAINTIFF SARAH LEE AND DEFENDANT PAUL SIMS |

On June 16, 2017, this Court issued its Order granting defendant Sims' motion to enforce the settlement agreement between defendant Paul Sims and plaintiff Sarah Lee (ECF No. 112). Pursuant to that Order, all claims by Lee against Sims and all counterclaims by Sims against Lee are dismissed with prejudice, and the settlement agreement between them is enforced. As of the date of the Order, Lee, on behalf of herself and her respective heirs, executors, administrators, successors and assigns shall have fully, finally and forever waived, released and discharged any and all

Page 1 – STIPULATED ~~PROPOSED~~ FINAL JUDGMENT DISMISSING WITH PREJUDICE ALL CLAIMS BETWEEN PLAINTIFF SARAH LEE AND DEFENDANT PAUL SIMS

claims against Sims relating to the institution and prosecution of this litigation, and shall forever be enjoined from instituting, maintaining or prosecuting any or all such claims. As of the date of the Order, Sims, on behalf of himself and his respective heirs, executors, administrators, successors and assigns shall have fully, finally and forever waived, released and discharged any and all claims against Lee relating to the institution and prosecution of this litigation, and shall forever be enjoined from instituting, maintaining or prosecuting any or all such claims.

Following the Court's Order, the only claims remaining before the Court are claims between Lee and defendant Trees, Inc.

Sims moved for entry of final judgment under Rule 54(b) of the Fed. R.Civ. P. because there is no just reason for delay and to ensure that an appeal by Lee of the June 16, 2017, if any, occurs immediately so that he is not prejudiced by a later appeal. No party opposes Sims' Motion for Entry of Judgment.

Rule 54(b) requires that the judgment to be entered be final as to the claims it addresses, and that there be no just reason for delay. *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956). A final judgment is "an ultimate disposition" as to an individual claim or party that occurs in the course of a multiple claims action. *Birkes v. Tillamook County*, No. 3:09-CV-1084-AC, 2012 WL 2178964, *1 (D. Or. June 13, 2012). There is a final judgment as to all claims against Sims by Lee and all counterclaims against Lee by Sims because this Court has determined that Sims and Lee entered into a full and final agreement to settle all claims between them.

In determining whether there is any just reason to delay, the Court may consider whether the claims under review are severable from the other claims in the case and whether the nature of the claims already determined is such that no appellate court would have to decide the same

issues more than once even if there were subsequent appeals. *Nw. Pipe Co. v. RLI Ins. Co.*, 3:09-CV-01126-BR, 2014 WL 2040073, at *1–3 (D. Or. May 16, 2014), *aff'd*, 649 F. App'x. 643 (9th Cir. 2016). Having considered the standard for entry of judgment under Rule 54(b), the Court finds that it is appropriate to enter judgment under Rule 54(b) as to Lee's four causes of action against Sims and as to Sims' five counterclaims against Lee. There is no just reason to delay entry of final judgment on these adjudicated claims and counterclaims.

First, the Court's Order eliminates all claims and counterclaims between Sims and Lee. The claims remaining in the lawsuit are all between Lee and Trees, Inc. While the claims against Sims and Trees have factual overlap, entry of judgment is appropriate in this case because the factual and legal issues that form and basis of the June 16, 2017 Order and result in the Rule 54(b) certification are legally distinct and severable from any other issue remaining.

Second, there is no danger that any issue addressed on an appeal from an entry of judgment would arise in a subsequent appeal in this matter. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 954 (9th Cir. 2006). Any appeal would relate squarely to the enforceability of the settlement agreement, and would not touch on the merits of the underlying dispute.

A court may also enter judgment under Rule 54(b) if, as here, it assists in the expeditious resolution of the case. *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991). If Lee decides to appeal the Court's Order, justice would be best served by an immediate appeal. Requiring an appeal to be taken at this early stage will save judicial resources. Sims has not completed discovery and, if this decision was overturned after the Lee/Trees matter was finalized, Sims would be forced to revisit many of the underlying factual issues and resume depositions with parties that may have also been involved in the Lee/Trees case. An entry of final judgment

Page 1 – **STIPULATED ~~PROPOSED~~ FINAL JUDGMENT DISMISSING WITH PREJUDICE ALL CLAIMS BETWEEN PLAINTIFF SARAH LEE AND DEFENDANT PAUL SIMS**

would ensure that when Lee's case goes to trial, all relevant parties and issues are included. The underlying case does not yet have a trial date, discovery is still open, and the parties are awaiting a decision on summary judgment. Entering final judgment under Rule 54(b) will aid all parties in ensuring the most efficient handling of the litigation and ensure that important judicial resources are not wasted.

Finally, it is appropriate for the Court to consider the balance of equities when considering a final judgment. *Amerisource Bergen Corp.*, 465 F.3d at 954-55. This balancing favors final judgment because of the significant emotional and financial toll this matter has taken on Sims, an individual. Allowing appeal at some unknown future date would unnecessarily prejudice Sims as he would need to stay involved with the case, attend hearings, and continue reviewing discovery materials. He also would be unable to make personal financial decisions related to his retirement while he waits for the Lee/Trees matter to conclude due to possible additional legal fees that he would incur following a later appeal.

Sims' Motion for Entry of Judgment is granted.

There being no just reason for further delay, pursuant to Rule 54(b), the Clerk is hereby ordered to enter final judgment in accordance with the foregoing.

IT IS SO ORDERED.

Dated this 6th day of July, 2017.

John V. Acosta
United States Magistrate Judge